IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RACHEL HIGGINS, *as Personal*
*Representative of the estate of*
Matthew Garcia,

        Plaintiff,

v.                                        1:25-cv-00673-JB-JMR

CITY OF ALBUQUERQUE, HAROLD MEDINA,
*Chief*, PRECIOUS CADENA, *Officer*, ZACH EARLES,
*Officer*, HOWARD PERRY, *Officer,* DOMINIC CASTRO,
*Officer*, AMIR NATHOO, ANGIE LARA, SHAWN LNU,
WILLIAM GALLEGOS, *Code Enforcement Officer*,
SAMUEL SEAY, *Code Enforcement Officer*,

        Defendants.

## DEFENDANT DOMINIC CASTRO'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND FOR DAMAGES

**COME NOW,** Defendant Dominic Castro ("**Officer Castro**"), by and through his counsel of record The Cash Law Firm, LLC (Paul M. Cash) and for his Answer to Plaintiff's "Complaint for Violations of Civil Rights and for Damages" ("**Complaint**") states as follows:

## JURISDICTION AND VENUE

1.      In response to Paragraph 1 of the Complaint, Officer Castro admits that this Court shares concurrent jurisdiction with the United States District Court of New Mexico over the claims brought pursuant to 42 U.S.C. § 1983, and Officer Castro admits that, pursuant to Article VI, § 13 of the New Mexico Constitution and NMSA 1978, § 41-4-18(A), this Court has original jurisdiction over the state law claims asserted in the Complaint.  Officer Castro denies the remaining express and implied allegations in Paragraph 1.

2.      In response to Paragraphs 2 of the Complaint, Officer Castro admits that the Second Judicial District Court of New Mexico is the proper venue for Plaintiff's state law claims.

3.      In response to Paragraphs 3 of the Complaint, Officer Castro admits that the Second

1

Judicial District Court of New Mexico is the proper venue for Plaintiff's state law claims.

4.    The allegations of Paragraph 4 seem to contain legal conclusions to which no response is required. To the extent a response is deemed necessary, Officer Castro denies the allegations to the extent they are directed to him. Officer Castro lacks sufficient knowledge or information as to the veracity of the remaining allegations regarding other defendants for whom he cannot answer and therefore denies the same.

<u>**PARTIES**</u>

5.    In response to Paragraph 5 of the Complaint, Officer Castro admits that Plaintiff Rachel Higgins is a resident of Bernalillo County, New Mexico who, in cause no. D-202-CV-2024-09517, has been appointed as the Personal Representative of the Estate of Matthew Garcia and Officer Castro admits that in this capacity, she has brought this action on behalf of the Estate of Matthew Garcia, and other statutory beneficiaries pursuant to the New Mexico Wrongful Death Act.  To the extent, if any, the express and implied allegations contained in Paragraph 5 are set forth to impose liability against Officer Castro these allegations are denied.

6.    In response to Paragraph 6 of the Complaint, Officer Castro admits that Matthew "Solo" Garcia was a "person" within the meaning of NMSA 1978, § 41-4A-3(B) of the New Mexico Civil Rights Act and Article II, Sections 4 and 18 of the New Mexico Constitution. Officer Castro lacks sufficient knowledge or information as to the veracity of the remaining allegations in Paragraph 6 and therefore denies the same.

7.    In response to Paragraph 7 of the Complaint, Officer Castro admits that on October 18, 2024, he was a law enforcement officer employed by the City of Albuquerque. Officer Castro denies the remaining express and implied allegations in Paragraph 7 to the extent they are directed to him. Officer Castro lacks sufficient knowledge or information as to the veracity of the remaining allegations regarding other defendants for whom he cannot answer and therefore denies the same.

8.      In response to Paragraph 8 of the Complaint, Officer Castro, upon information and belief, admits that Harold Medina oversaw APD on October 18, 2024. Officer Castro denies the remaining express and implied allegations in Paragraph 8 to the extent they are directed to him. Officer Castro lacks sufficient knowledge or information as to the veracity of the remaining allegations regarding other defendants for whom he cannot answer and therefore denies the same.

9.      The allegations of Paragraph 9 are directed to another Defendant for whom Officer Castro cannot answer. To the extent a response is required, Officer Castro, upon information and belief, admits that Officer Cadena was working as a law enforcement officer on October 18, 2024. Officer Castro lacks sufficient knowledge or information as to the veracity of the remaining allegations regarding other defendants for whom he cannot answer and therefore denies the same.

10.      The allegations of Paragraph 10 are directed to another Defendant for whom Officer Castro cannot answer. To the extent a response is required, Officer Castro, upon information and belief, admits that Officer Earles was working as a law enforcement officer on October 18, 2024. Officer Castro lacks sufficient knowledge or information as to the veracity of the remaining allegations regarding other defendants for whom he cannot answer and therefore denies the same.

11.      The allegations of Paragraph 11 are directed to another Defendant for whom Officer Castro cannot answer. To the extent a response is required, Officer Castro, upon information and belief, admits that Officer Perry was working as a law enforcement officer on October 18, 2024. Officer Castro lacks sufficient knowledge or information as to the veracity of the remaining allegations regarding other defendants for whom he cannot answer and therefore denies the same.

12.      In response to Paragraph 12 of the Complaint, Officer Castro admits that on or about October 18, 2024, he was employed by the City of Albuquerque as a law enforcement officer for the Albuquerque Police Department.  Officer Castro admits, that on October 18, 2024, Officer Castro was performing his duties as a law enforcement officer, acting  within the scope of his

3

duties; acting within the course and scope of his employment; and under color of law. Officer Castro admits that the remaining allegations contained in Paragraph 12 are vague and ambiguous and therefore Officer Castro denies the remaining express and implied allegations in Paragraph 12.

13.    The allegations of Paragraph 13 are directed to another Defendant for whom Officer Castro cannot answer. To the extent a response is required, Officer Castro, upon information and belief, admits that Defendant Amir Nathoo is and was the owner of the Tewa Lodge who rented out dwelling units on the premises.  Officer Castro denies the remaining express and implied allegations in Paragraph 13.

14.    Officer Castro lacks sufficient knowledge or information as to the veracity of the allegations in Paragraph 14 therefore denies the same.

15.    Officer Castro lacks sufficient knowledge or information as to the veracity of the allegations in Paragraphs 15 therefore denies the same.

16.    Officer Castro lacks sufficient knowledge or information as to the veracity of the allegations in Paragraphs 16 therefore denies the same.

17.    Officer Castro lacks sufficient knowledge or information as to the veracity of the allegations in Paragraphs 17 therefore denies the same.

## ANSWER TO PLAINTIFF'S "FACTUAL ALLEGATIONS COMMON TO ALL COUNTS"

18.     The allegations in Paragraph 18 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro, upon information and belief admits that deadly force was used against Matthew Garcia when he posed a deadly threat when he was in the back of Officer Cadena's police vehicle while handcuffed as he had a firearm in his hand and told Officer Cadena that she was going to "f*cking die." Officer Castro denies the

4

remaining express and implied allegations in Paragraphs 18 to the extent they are directed to him.

19.    The allegations in Paragraph 19 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro, upon information and belief admits that deadly force was used against Matthew Garcia when he posed a deadly threat when he was in the back of Officer Cadena's police vehicle while handcuffed as he had a firearm in his hand and told Officer Cadena that she was going to "f*cking die." Officer Castro denies the remaining express and implied allegations in Paragraphs 19 to the extent they are directed to him.

20.    The allegations in Paragraph 20 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro denies the express and implied allegations in Paragraph 20 of the Complaint.

21.    In response to Paragraph 21 of the Complaint, Officer Castro admits that he rendered aid to Mr. Garcia after he was shot.  Officer Castro admits that Mr. Garcia died on scene at the Tewa Lodge from the gunshot wounds he sustained.  Officer Castro denies the remaining express and implied allegations in Paragraphs 21.

Officer Castro denies the express and implied allegation in Section I of the Complaint.

22.    In response to Paragraph 22 of the Complaint, Officer Castro admits that on October 18, 2024, he was present at the Tewa Lodge.  Defendants deny the remaining express and implied allegations in Paragraphs 22 to the extent they are directed to him. The remaining allegations in Paragraph 22 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro admits that Officers Cadena and Earles were present on October 18, 2024. He is without sufficient information to admit or deny the remaining allegations in Paragraph 22, which are therefore denied.

23.    In response to Paragraph 23 of the Complaint, Officer Castro admits that on October 18, 2024, he was wearing his department issued APD uniforms when he was present at the Tewa

Lodge. Officer Castro denies the remaining express and implied allegations in Paragraphs 23 to the extent they are directed to him. The remaining allegations in Paragraph 23 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro admits that Officers Cadena and Earles were in department issued APD uniforms on October 18, 2024.

24.    Officer Castro denies the express and implied allegations in Paragraph 24.

25.    Officer Castro denies the express and implied allegations in Paragraph 25.

26.    Officer Castro denies the express and implied allegations in Paragraph 26 to the extent they are directed to him. He is without sufficient information to admit or deny the remaining allegations in Paragraph 26, which are therefore denied.

27.    Officer Castro denies the express and implied allegations in Paragraphs 27 to the extent they are directed to him. He is without sufficient information to admit or deny the remaining allegations in Paragraph 27, which are therefore denied.

28.    Officer Castro denies the express and implied allegations in Paragraphs 28.

29.    In response to Paragraph 29 of the Complaint, these allegations are vague, inaccurate, and misleading and are therefore denied. Officer Castro denies the express and implied allegations in Paragraph 29 to the extent they are directed to him.

30.    In response to Paragraph 30 of the Complaint, these allegations are vague, inaccurate, and misleading and are therefore denied. Officer Castro denies the express and implied allegations in Paragraph 30 to the extent they are directed to him.

31.    In response to Paragraph 31 of the Complaint, these allegations are vague, inaccurate, and misleading and are therefore denied. Officer Castro denies the express and implied allegations in Paragraph 31 to the extent they are directed to him.

32.    In response to Paragraph 32 of the Complaint, these allegations are vague,

inaccurate, and misleading and are therefore denied. Officer Castro denies the express and implied allegations in Paragraph 32 to the extent they are directed to him.

33.    In response to Paragraph 33 of the Complaint, these allegations are vague, inaccurate, and misleading and are therefore denied. Officer Castro denies the express and implied allegations in Paragraph 33 to the extent they are directed to him.

34.    In response to Paragraph 34 of the Complaint, these allegations are vague, inaccurate, and misleading and are therefore denied. Officer Castro denies the express and implied allegations in Paragraph 34 to the extent they are directed to him.

Officer Castro denies the express and implied allegation in Section II of the Complaint.

33.    Officer Castro denies the allegations of Paragraph 33 [SIC] to the extent they are directed to him. He is without sufficient information to admit or deny the remaining allegations in Paragraph 33, which are therefore denied.

34.    Officer Castro denies the allegations of Paragraph 34 to the extent they are directed to him. He is without sufficient information to admit or deny the remaining allegations in Paragraph 34, which are therefore denied.

35.    In response to Paragraph 35, Officer Castro admits he told Mr. Garcia to relax. He denies the remaining allegations to the extent they are directed to him. He is without sufficient information to admit or deny the remaining allegations in Paragraph 35, which are therefore denied.

36.    The allegations in Paragraph 36 are directed to a Defendant for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 36, which are therefore denied.

37.     The allegations in Paragraph 37 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 37, which are therefore denied.

38.     The allegations in Paragraph 38 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 37, which are therefore denied.

39.     The allegations in Paragraph 39 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 39, which are therefore denied.

40.     The allegations in Paragraph 40 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 40, which are therefore denied.

41.     Officer Castro denies the allegations in Paragraph 41 to the extent they are directed to him. The remaining allegations in Paragraph 41 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 41, which are therefore denied.

42.     The allegations in Paragraph 42 are directed to a Defendant for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro denies the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 43, which are therefore denied.

44.     The allegations in Paragraph 44 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 44, which are therefore denied.

45.     The allegations in Paragraph 45 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 45, which are therefore denied.

46.     Officer Castro denies the allegations in Paragraph 46.

47.     Officer Castro denies the allegations in Paragraph 47.

48.     Officer Castro denies the allegations in Paragraph 48.

49.     Officer Castro denies the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 50, which are therefore denied.

51.     In response to Paragraph 51 of the Complaint, Officer Castro admits that Plaintiff has not asserted a claim that Officer Castro violated the Uniform Owner-Resident Relations Act. Officer Castro denies the remaining express and implied allegations in Paragraph 51,

Officer Castro denies the allegations in Section IV.

52.     The allegations in Paragraph 52 are directed to a Defendant for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro denies the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 are directed to a Defendant for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro denies the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are directed to a Defendant for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro denies the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 are directed to a Defendant for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro denies the allegations in Paragraph 55.

Officer Castro denies the allegations in Section IV.

56.     Officer Castro denies the allegations of Paragraph 56 to the extent they are directed to him. He is without sufficient information to admit or deny the remaining allegations in Paragraph 56, which are therefore denied.

57.     He is without sufficient information to admit or deny the remaining allegations in Paragraph 57, which are therefore denied.

58.     The allegations in Paragraph 58 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 58, which are therefore denied.

59.     The allegations in Paragraph 59 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient

information to admit or deny the remaining allegations in Paragraph 59, which are therefore denied.

60.     The allegations in Paragraph 60 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 60, which are therefore denied.

61.     The allegations in Paragraph 61 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 61, which are therefore denied.

62.     The allegations in Paragraph 62 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 62, which are therefore denied.

63.     The allegations in Paragraph 63 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 63, which are therefore denied.

64.     Officer Castro denies the allegations of Paragraph 64 to the extent they are directed to him. He is without sufficient information to admit or deny the remaining allegations in Paragraph 64, which are therefore denied.

65.     Officer Castro denies the allegations of Paragraph 65 to the extent they are directed to him. He is without sufficient information to admit or deny the remaining allegations in Paragraph 65, which are therefore denied.

66.     In response to Paragraph 66, Officer Casto admits he has not been disciplined for the incident which is the basis for this lawsuit and admits he was not disciplined for any incident that may have occurred on December 31, 2024.

67.     The allegations in Paragraph 67 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 67, which are therefore denied.

68.     Officer Castro denies the allegations of Paragraph 68 to the extent they are directed to him. He is without sufficient information to admit or deny the remaining allegations in Paragraph 68, which are therefore denied.

69.     The allegations in Paragraph 69 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 69, which are therefore denied.

70.     Officer Castro denies the allegations of Paragraph 70 to the extent they are directed to him. He is without sufficient information to admit or deny the remaining allegations in Paragraph 70, which are therefore denied.

71.     Officer Castro denies the allegations of Paragraph 71 to the extent they are directed to him. He is without sufficient information to admit or deny the remaining allegations in Paragraph 71, which are therefore denied.

72.     The allegations in Paragraph 72 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 72, which are therefore denied.

73.     Officer Castro denies the allegations of Paragraph 73 to the extent they are directed to him. He is without sufficient information to admit or deny the remaining allegations in Paragraph 73, which are therefore denied.

74.     The allegations in Paragraph 74 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 74, which are therefore denied.

75.     The allegations in Paragraph 75 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 75, which are therefore denied.

76.     The allegations in Paragraph 76 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 76, which are therefore denied.

77.     The allegations in Paragraph 77 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 77, which are therefore denied.

78.     The allegations in Paragraph 78 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 78, which are therefore denied.

79.     The allegations in Paragraph 79 are directed to Defendants for whom Officer Castro

cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 79, which are therefore denied.

80.    The allegations in Paragraph 80 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 80, which are therefore denied.

81.    The allegations in Paragraph 81 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 81, which are therefore denied.

82.    The allegations in Paragraph 82 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 82, which are therefore denied.

83.    The allegations in Paragraph 83 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 83, which are therefore denied.

84.    The allegations in Paragraph 84 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 84, which are therefore denied.

85.    The allegations in Paragraph 85 are directed to Defendants for whom Officer Castro

cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 85, which are therefore denied.

### ANSWER TO PLAINTIFF'S COUNT I AGAINST DEFENDANTS CADENA AND EARLES: "VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS (EXCESSIVE FORCE) UNDER 42. U.S.C. § 1983"

Officer Castro denies the express and implied allegations contained in the Count I heading.

86.    In response to Paragraph 86 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 85 as set forth in Paragraphs 1 through 85 of this Answer.

87.    In response to Paragraph 87 of the Complaint, Officer Castro admits that Matthew Garcia and all citizens had and have a right to be free from unreasonable seizures, including the use of unreasonable use of force. Officer Castro denies the remaining express and implied allegations in Paragraph 87.

88.    The allegations in Paragraph 88 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 88, which are therefore denied.

89.    The allegations in Paragraph 89 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 89, which are therefore denied.

90.    The allegations in Paragraph 90 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 90, which are therefore denied.

91.     The allegations in Paragraph 91 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 91, which are therefore denied.

92.     The allegations in Paragraph 92 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 92, which are therefore denied.

93.     The allegations in Paragraph 93 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 93, which are therefore denied.

94.     The allegations in Paragraph 94 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 94, which are therefore denied.

95.     The allegations in Paragraph 95 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 95, which are therefore denied.

### ANSWER TO PLAINTIFF'S COUNT II AGAINST DEFENDANTS CITY AND MEDINA: "VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS (EXCESSIVE FORCE) UNDER 42 U.S.C. § 1983 – *Monell* Liability "

Officer Castro denies the express and implied allegations in the Count II heading.

96.     In response to Paragraph 96 of the Complaint, Officer Castro admits and denies

Paragraphs 1 through 95 as set forth in Paragraphs 1 through 95 of this Answer.

97.    In response to Paragraph 97 of the Complaint, Officer Castro admits that Matthew Garcia and all citizens had and have a right to be free from unreasonable seizures, including the use of unreasonable use of force. Officer Castro denies the remaining express and implied allegations in Paragraph 97.

98.    The allegations in Paragraph 98 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 98, which are therefore denied.

99.    The allegations in Paragraph 99 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 99, which are therefore denied.

100.    The allegations in Paragraph 100 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 100, which are therefore denied.

**PLAINTIFF'S COUNT III AGAINST DEFENDANT CITY: "VIOLATIONS OF N.M. COUNST. ART. II, SEC. 10 NEW MEXICO CIVIL RIGHTS ACT (EXCESSIVE FORCE)"**

Officer Castro denies the express and implied allegations in the Count II heading.

101.    In response to Paragraph 101 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 100 as set forth in Paragraphs 1 through 100 of this Answer.

102.    In response to Paragraph 102 of the Complaint, Officer Castro admits that Matthew Garcia and all citizens had and have a right to be free from unreasonable seizures. Officer Castro

17

denies the remaining express and implied allegations in Paragraph 102.

103.    Officer Castro denies the express and implied allegations of Paragraph 103

104.    The allegations in Paragraph 104 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 104, which are therefore denied.

105.    The allegations in Paragraph 105 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 105, which are therefore denied.

106.    The allegations in Paragraph 106 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 106, which are therefore denied.

107.    The allegations in Paragraph 107 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 107, which are therefore denied.

108.    The allegations in Paragraph 108 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 108, which are therefore denied.

109.    The allegations in Paragraph 109 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient

information to admit or deny the remaining allegations in Paragraph 109, which are therefore denied.

110.    The allegations in Paragraph 110 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 110, which are therefore denied.

111.    The allegations in Paragraph 111 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 111, which are therefore denied.

112.    The allegations in Paragraph 112 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 112, which are therefore denied.

## ANSWER TO PLAINTIFF'S COUNT IV AGAINST DEFENDANTS CADENA AND CASTRO: "VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS (UNLAWFUL SEARCH AND SEIZURE) UNDER 42 U.S.C. § 1983

Officer Castro denies the express and implied allegations in the Count IV heading.

113.    In response to Paragraph 113 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 112 as set forth in Paragraphs 1 through 112 of this Answer.

114.    In response to Paragraph 114 of the Complaint, Officer Castro admits that Matthew Garcia and all citizens had and have a right to be free from unreasonable searches and seizures and Officer Castro admits that this right was not violated. Officer Castro denies the remaining express and implied allegations in Paragraph 114.

115.    In response to Paragraph 115 of the Complaint, Officer Castro admits that on

October 18, 2024, he was performing his duties as a law enforcement officer. Officer Castro admits that on October 18, 2024, he was acting within the scope of his duties; acting within the course and scope of his employment; and under color of law. The remaining allegations in Paragraph 115 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 115, which are therefore denied.

116.    Officer Castro denies the express and implied allegations in Paragraph 116 to the extent they are directed to him. The remaining allegations in Paragraph 116 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 116, which are therefore denied.

117.    Officer Castro denies the express and implied allegations in Paragraph 117 to the extent they are directed to him. The remaining allegations in Paragraph 117 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 117, which are therefore denied.

118.    Officer Castro denies the express and implied allegations in Paragraph 118 to the extent they are directed to him. The remaining allegations in Paragraph 118 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 118, which are therefore denied.

**ANSWER TO PLAINTIFF'S COUNT V AGAINST DEFENDANTS CITY AND MEDINA: "VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS (UNLAWFUL SEARCH AND SEIZURE) UNDER 42 U.S.C. § 1983 – *Monell* Liability"**

Officer Castro denies the express and implied allegations in the Count V heading.

119.    In response to Paragraph 119 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 118 as set forth in Paragraphs 1 through 118 of this Answer.

120.    In response to Paragraph 120 of the Complaint, Officer Castro admits that Matthew Garcia and all citizens had and have a right to be free from unreasonable searches and seizures and Officer Castro admits that this right was not violated. Officer Castro denies the remaining express and implied allegations in Paragraph 120.

121.    The allegations in Paragraph 121 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 121, which are therefore denied.

122.    The allegations in Paragraph 122 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 122, which are therefore denied.

123.    The allegations in Paragraph 123 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 123, which are therefore denied.

124.    The allegations in Paragraph 124 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 124, which are therefore denied.

**ANSWER TO PLAINTIFF'S COUNT VI AGAINST DEFENDANT CITY:**

## "VIOLATIONS OF N.M. COUNST. ART. II, SEC. 10 NEW MEXICO CIVIL RIGHTS ACT (UNLAWFUL SEARCH AND SEIZURE)"

Officer Castro denies the express and implied allegations in the Count VI heading.

125.    In response to Paragraph 125 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 124 as set forth in Paragraphs 1 through 124 of this Answer.

126.    In response to Paragraph 126 of the Complaint, Officer Castro admits that Article II, section 10 of the New Mexico Constitution afforded Matthew Garcia and all citizens the right to be free from unreasonable searches and seizures. Officer Castro admits that Mr. Garcia was not unreasonably seized or searched. Officer Castro denies the remaining express and implied allegations in Paragraph 126.

127.    The allegations in Paragraph 127 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 127, which are therefore denied.

128.    The allegations in Paragraph 128 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 128, which are therefore denied.

129.    Officer Castro denies the express and implied allegations in Paragraph 129 to the extent they are directed to him. The remaining allegations in Paragraph 129 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 129, which are therefore denied.

130.    Officer Castro denies the express and implied allegations in Paragraph 130 to the

extent they are directed to him. The remaining allegations in Paragraph 130 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 130, which are therefore denied.

## PLAINTIFF'S COUNT VII AGAINST DEFENDANTS CADENA, EARLES, PERRY AND CASTRO: "VIOLATIONS OF THE FOURTEENTH AMENDMENTS (DUE PROCESS) UNDER 42. U.S.C. § 1983"

Officer Castro denies the express and implied allegations in the Count VII heading.

131.    In response to Paragraph 131 of the Complaint, Officer Castro admits and denies the Paragraphs 1 through 130 as set forth in Paragraphs 1 through 130 of this Answer.

132.    In response to Paragraph 132 of the Complaint, Officer Castro admits that Matthew Garcia and all citizens had and have a Fourteenth Amendment right to be free from denial of life, liberty, or property without due process of law and Officer Castro admits that this right was not violated. Officer Castro denies the remaining express and implied allegations in Paragraph 132.

133.    In response to Paragraph 133 of the Complaint, Officer Castro admits that on October 18, 2024, he was performing his duties as a law enforcement officer; acting within the scope of his duties; acting within the course and scope of his employment; and under color of law. Officer Castro denies the remaining express and implied allegations in Paragraph 133 to the extent they are directed to him. The remaining allegations in Paragraph 133 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 133, which are therefore denied.

134.    Officer Castro denies the express and implied allegations in Paragraph 134 to the extent they are directed to him. The remaining allegations in Paragraph 134 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer

Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 134, which are therefore denied.

135.    Officer Castro denies the express and implied allegations in Paragraph 135 to the extent they are directed to him. The remaining allegations in Paragraph 135 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 135, which are therefore denied.

**PLAINTIFF'S COUNT VIII AGAINST DEFENDANTS CITY AND MEDINA:
"VIOLATIONS OF THE FOURTEENTH AMENDMENT (DUE PROCESS) UNDER 42
U.S.C. § 1983 – *Monell* Liability"**

Officer Castro denies the express and implied allegations in the Count VIII heading.

136.    In response to Paragraph 136 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 135 as set forth in Paragraphs 1 through 135 of this Answer.

137.    In response to Paragraph 120 of the Complaint, Officer Castro admits that Matthew Garcia and all citizens had and have the right be free from denial of life, liberty, or property without due process of law and admit that right was not violated.

138.    The allegations in Paragraph 138 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 138, which are therefore denied.

139.    Officer Castro denies the express and implied allegations in Paragraph 139 to the extent they are directed to him. The remaining allegations in Paragraph 139 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 139, which are therefore denied.

140.    The allegations in Paragraph 140 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 140, which are therefore denied.

141.    The allegations in Paragraph 141 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 141, which are therefore denied.

### ANSWER TO PLAINTIFF'S COUNT IX AGAINST DEFENDANT CITY: "VIOLATIONS OF N.M. COUNST. ART. II, SEC. 18 NEW MEXICO CIVIL RIGHTS ACT (DUE PROCESS)

Defendants deny the express and implied allegations in the Count IX heading.

142.    In response to Paragraph 142 of the Complaint, Officer Castro admits and denies response to Paragraph 136 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 141 as set forth in Paragraphs 1 through 141 of this Answer.

143.    In response to Paragraph 143 of the Complaint, Officer Castro admits that that Article II, Section 18 of the New Mexico Constitution afforded Matthew Garcia and all citizens the right not to be deprived of life, liberty, or property without due process of law, as well as the right not to be denied equal protection of the laws. Officer Castro admits that these rights were not violated and denies the remaining express and implied allegations in Paragraph 143.

144.    Officer Castro denies the express and implied allegations in Paragraph 144 to the extent they are directed to him. The remaining allegations in Paragraph 144 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 144, which are therefore denied.

145.    Officer Castro denies the express and implied allegations in Paragraph 145 to the extent they are directed to him. The remaining allegations in Paragraph 145 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 145, which are therefore denied.

146.    Officer Castro denies the express and implied allegations in Paragraph 146 to the extent they are directed to him. The remaining allegations in Paragraph 146 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 146, which are therefore denied.

147.    Officer Castro denies the express and implied allegations in Paragraph 146 to the extent they are directed to him. The remaining allegations in Paragraph 146 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 146, which are therefore denied.

**ANSWER TO PLAINTIFF'S COUNT X AGAINST ALL NAMED DEFENDANTS: "CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1983"**

Defendants deny the express and implied allegations in the Count X heading.

148.    In response to Paragraph 148 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 147 as set forth in Paragraphs 1 through 147 of this Answer.

149.    Officer Castro denies the express and implied allegations in Paragraph 146 to the extent they are directed to him. The remaining allegations in Paragraph 146 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph

146, which are therefore denied.

150.    Officer Castro denies the express and implied allegations in Paragraph 150 to the extent they are directed to him. The remaining allegations in Paragraph 150 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 150, which are therefore denied.

151.    Officer Castro denies the express and implied allegations in Paragraph 151 to the extent they are directed to him. The remaining allegations in Paragraph 151 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 151, which are therefore denied.

152.    Officer Castro denies the express and implied allegations in Paragraph 152 to the extent they are directed to him. The remaining allegations in Paragraph 152 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 152, which are therefore denied.

153.    Officer Castro denies the express and implied allegations in Paragraph 153 to the extent they are directed to him. The remaining allegations in Paragraph 153 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 153, which are therefore denied.

154.    Officer Castro denies the express and implied allegations in Paragraph 154 to the extent they are directed to him. The remaining allegations in Paragraph 154 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer

27

Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 154, which are therefore denied.

155.    Officer Castro denies the express and implied allegations in Paragraph 155 to the extent they are directed to him. The remaining allegations in Paragraph 155 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 155, which are therefore denied.

156.    Officer Castro denies the express and implied allegations in Paragraph 156 to the extent they are directed to him. The remaining allegations in Paragraph 156 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 156, which are therefore denied.

157.    Officer Castro denies the express and implied allegations in Paragraph 157 to the extent they are directed to him. The remaining allegations in Paragraph 157 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 157, which are therefore denied.

158.    Officer Castro denies the express and implied allegations in Paragraph 158 to the extent they are directed to him. The remaining allegations in Paragraph 158 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 158, which are therefore denied.

159.    Officer Castro denies the express and implied allegations in Paragraph 159 to the extent they are directed to him. The remaining allegations in Paragraph 159 are directed to

Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 159, which are therefore denied.

160.    Officer Castro denies the express and implied allegations in Paragraph 160 to the extent they are directed to him. The remaining allegations in Paragraph 160 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 160, which are therefore denied.

161.    Officer Castro denies the express and implied allegations in Paragraph 161 to the extent they are directed to him. The remaining allegations in Paragraph 161 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 161, which are therefore denied.

162.    Officer Castro denies the express and implied allegations in Paragraph 162 to the extent they are directed to him. The remaining allegations in Paragraph 162 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 162, which are therefore denied.

163.    Officer Castro denies the express and implied allegations in Paragraph 163 to the extent they are directed to him. The remaining allegations in Paragraph 163 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 163, which are therefore denied.

164.    Officer Castro denies the express and implied allegations in Paragraph 164 to the

extent they are directed to him. The remaining allegations in Paragraph 164 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 164, which are therefore denied.

165.    Officer Castro denies the express and implied allegations in Paragraph 165 to the extent they are directed to him. The remaining allegations in Paragraph 165 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 165, which are therefore denied.

**ANSWER TO PLAINTIFF'S COUNT XI AGAINST DEFENDANTS CITY AND MEDINA: "NEW MEXICO TORT CLAIMS ACT (NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION)"**

Officer Castro denies the express and implied allegations in the Count XI heading.

166.    In response to Paragraph 166 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 165 as set forth in Paragraphs 1 through 165 of this Answer.

167.    The allegations in Paragraph 167 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 167, which are therefore denied.

168.    The allegations in Paragraph 168 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 168, which are therefore denied.

169.    Officer Castro denies the express and implied allegations in Paragraph 169 to the extent they are directed to him. The remaining allegations in Paragraph 169 are directed to

Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 169, which are therefore denied.

170.    Officer Castro denies the express and implied allegations in Paragraph 170 to the extent they are directed to him. The remaining allegations in Paragraph 170 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 170, which are therefore denied.

171.    Officer Castro denies the express and implied allegations in Paragraph 171 to the extent they are directed to him. The remaining allegations in Paragraph 171 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 171, which are therefore denied.

172.    Officer Castro denies the express and implied allegations in Paragraph 172 to the extent they are directed to him. The remaining allegations in Paragraph 172 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 172, which are therefore denied.

173.    Officer Castro denies the express and implied allegations in Paragraph 173 to the extent they are directed to him. The remaining allegations in Paragraph 173 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 173, which are therefore denied.

**ANSWER TO PLAINTIFF'S COUNT XII AGAINST DEFENDANTS CITY: "NEW**

MEXICO TORT CLAIMS ACT (NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION)"

Officer Castro denies the express and implied allegations in the Count XII heading.

174.    In response to Paragraph 174 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 173 as set forth in Paragraphs 1 through 173 of this Answer.

175.    Officer Castro denies the express and implied allegations in Paragraph 175 to the extent they are directed to him. The remaining allegations in Paragraph 175 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 175, which are therefore denied.

176.    Officer Castro denies the express and implied allegations in Paragraph 176 to the extent they are directed to him. The remaining allegations in Paragraph 176 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 176, which are therefore denied.

177.    Officer Castro denies the express and implied allegations in Paragraph 177 to the extent they are directed to him. The remaining allegations in Paragraph 177 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 177, which are therefore denied.

178.    Officer Castro denies the express and implied allegations in Paragraph 178 to the extent they are directed to him. The remaining allegations in Paragraph 178 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph

178, which are therefore denied.

179.    Officer Castro denies the express and implied allegations in Paragraph 179 to the extent they are directed to him. The remaining allegations in Paragraph 179 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 179, which are therefore denied.

180.    Officer Castro denies the express and implied allegations in Paragraph 180 to the extent they are directed to him. The remaining allegations in Paragraph 180 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 180, which are therefore denied.

**ANSWER TO PLAINTIFF'S COUNT XIII AGAINST DEFENDANTS CITY, CADENA, EARLES: "NEW MEXICO TORT CLAIMS ACT (ASSAULT AND BATTERY)"**

Defendants deny the express and implied allegations in the Count XIII heading.

181.    In response to Paragraph 181 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 180 as set forth in Paragraphs 1 through 180 of this Answer.

182.    The allegations in Paragraph 182 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 182, which are therefore denied.

183.    The allegations in Paragraph 183 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 183, which are therefore denied.

184.    The allegations in Paragraph 184 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 184, which are therefore denied.

185.    The allegations in Paragraph 185 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 185, which are therefore denied.

186.    The allegations in Paragraph 186 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 186, which are therefore denied.

187.    The allegations in Paragraph 187 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 187, which are therefore denied.

188.    The allegations in Paragraph 188 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 188, which are therefore denied.

189.    The allegations in Paragraph 189 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 189, which are therefore denied.

**PLAINTIFF'S COUNT XIV AGAINST DEFENDANTS CITY, GALLEGOS, AND SEAY:**
**"NEW MEXICO TORT CLAIMS ACT (INTENTIONAL SPOLIATION OF**
**EVIDENCE)"**

Defendants deny the express and implied allegations in the Count XIV heading.

190.    In response to Paragraph 190 of the Complaint, Officer Castro admits Paragraphs 1 through 189 as set forth in Paragraphs 1 through 189 of this Answer.

191.    In response to Paragraph 191 of the Complaint, Officer Castro admits that Article II, Section 18 of the New Mexico Constitution afforded Matthew Garcia and all citizens the right not to be deprived of life, liberty, or property without due process of law, as well as the right not to be denied equal protection of the laws. Officer Castro admits that these rights were not violated. Officer Castros denies the remaining express and implied allegations in Paragraph 191.

192.    The allegations in Paragraph 192 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 192, which are therefore denied.

193.    The allegations in Paragraph 193 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 193, which are therefore denied.

194.    The allegations in Paragraph 194 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 194, which are therefore denied.

195.    The allegations in Paragraph 195 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient

information to admit or deny the remaining allegations in Paragraph 195, which are therefore denied.

196.    The allegations in Paragraph 196 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 196, which are therefore denied.

197.    The allegations in Paragraph 197 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 197, which are therefore denied.

198.    The allegations in Paragraph 198 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 198, which are therefore denied.

199.    The allegations in Paragraph 199 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 199, which are therefore denied.

200.    The allegations in Paragraph 200 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 200, which are therefore denied.

201.    The allegations in Paragraph 201 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient

information to admit or deny the remaining allegations in Paragraph 201, which are therefore denied.

202.    The allegations in Paragraph 202 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 202, which are therefore denied.

203.    The allegations in Paragraph 203 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 203, which are therefore denied.

204.    The allegations in Paragraph 204 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 204, which are therefore denied.

205.    The allegations in Paragraph 205are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 205, which are therefore denied.

206.    The allegations in Paragraph 206 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 206, which are therefore denied.

**ANSWER TO PLAINTIFF'S ALTERNATIVE COUNT XIV AGAINST DEFENDANTS CITY, GALLEGOS, AND SEAY: "NEW MEXICO TORT CLAIMS ACT (NEGLIGENT SPOLIATION OF EVIDENCE)"**

Officer Castro denies the express and implied allegations in the Alternative Count XIV heading.

207.    In response to Paragraph 207 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 206 as set forth in Paragraphs 1 through 206 of this Answer.

208.    In response to Paragraph 208 of the Complaint, Officer Castro admits that Article II, Section 18 of the New Mexico Constitution afforded Matthew Garcia and all citizens the right not to be deprived of life, liberty, or property without due process of law, as well as the right not to be denied equal protection of the laws. Officer Castro admits that these rights were not violated. Officer Castro denies the remaining express and implied allegations in Paragraph 208.

209.    The allegations in Paragraph 209 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 209, which are therefore denied.

210.    The allegations in Paragraph 210 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 210, which are therefore denied.

211.    The allegations in Paragraph 211 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 211, which are therefore denied.

212.    The allegations in Paragraph 212 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient

information to admit or deny the remaining allegations in Paragraph 212, which are therefore denied.

213.    The allegations in Paragraph 213 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 213, which are therefore denied.

214.    The allegations in Paragraph 214 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 214, which are therefore denied.

215.    The allegations in Paragraph 215 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 215, which are therefore denied.

216.    The allegations in Paragraph 216 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 216, which are therefore denied.

217.    The allegations in Paragraph 217 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 217, which are therefore denied.

218.    The allegations in Paragraph 218 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient

information to admit or deny the remaining allegations in Paragraph 218, which are therefore denied.

219.    The allegations in Paragraph 219 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 219, which are therefore denied.

220.    The allegations in Paragraph 220 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 220, which are therefore denied.

221.    The allegations in Paragraph 221 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 221, which are therefore denied.

222.    The allegations in Paragraph 222 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 222, which are therefore denied.

223.    The allegations in Paragraph 223 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 223, which are therefore denied.

## PLAINTIFF'S COUNT XV AGAINST DEFENDANS NATHOO, LARA, AND SHAWN LAST NAME UNKNOWN: "NEW MEXICO UNIFORM OWNER-RESIDENT

RELATIONS ACT (UNLAWFUL NOTICE AND ENTRY)"

224.    In response to Paragraph 224 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 223 as set forth in Paragraphs 1 through 223 of this Answer.

225.    The allegations in Paragraph 225 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 225, which are therefore denied.

226.    The allegations in Paragraph 226 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 226, which are therefore denied.

227.    The allegations in Paragraph 227 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 227, which are therefore denied.

228.    The allegations in Paragraph 228 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 228, which are therefore denied.

229.    The allegations in Paragraph 229 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 229, which are therefore denied.

230.    The allegations in Paragraph 230 are directed to Defendants for whom Officer

Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 230, which are therefore denied.

231.    The allegations in Paragraph 231 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 231, which are therefore denied.

232.    The allegations in Paragraph 232are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 232, which are therefore denied.

233.    The allegations in Paragraph 233 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 233, which are therefore denied.

234.    The allegations in Paragraph 234are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 234, which are therefore denied.

235.    The allegations in Paragraph 235 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 235, which are therefore denied.

**ANSWER TO PLAINTIFF'S COUNT XVI AGAINST DEFENDANS NATHOO, LARA,**

**AND SHAWN LAST NAME UNKNOWN: "NEW MEXICO UNIFORM OWNER-RESIDENT RELATIONS ACT (UNLAWFUL TERMINATION)"**

236.    In response to Paragraph 236 of the Complaint, Officer Castro admits and denies Paragraphs 1 through 235 as set forth in Paragraphs 1 through 235 of this Answer.

237.    The allegations in Paragraph 237 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 237, which are therefore denied.

238.    The allegations in Paragraph 238 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 238, which are therefore denied.

239.    The allegations in Paragraph 239 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 239, which are therefore denied.

240.    The allegations in Paragraph 240  are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 240, which are therefore denied.

241.    The allegations in Paragraph 241 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 241, which are therefore denied.

242.    The allegations in Paragraph 242 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 242, which are therefore denied.

243.    The allegations in Paragraph 243 are directed to Defendants for whom Officer Castro cannot answer. To the extent a response is necessary, Officer Castro is without sufficient information to admit or deny the remaining allegations in Paragraph 243, which are therefore denied.

244.    Officer Castro responds only on his own behalf. Any allegations directed to other Defendants are denied for lack of knowledge unless specifically stated.

245.    Officer Castro denies that the Plaintiff is entitled to any of the relief set forth in the Prayer for Relief Clause.

246.    Officer Castro denies any implication that his conduct violated any law.

247.    Any allegations set forth in the Complaint which are not expressly admitted in this Answer are hereby denied.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff's Complaint contains one or more claims for which relief cannot be granted.

2.    Plaintiff lacks standing to seek relief for one or more of her claims on behalf of the Estate of Matthew Garcia.

3.    Matthew Garcia was not on the Tewa Lodge premises by the consent and authorization of the owner and therefore had no reasonable expectation of privacy at or in any of the dwelling units.

4.    Matthew Garcia was not a resident at the Tewa Lodge premises and therefore had

no reasonable expectation of privacy at or in any of the dwelling units.

5.      Matthew Garcia had no legal interest in any of the dwelling units of the Tewa Lodge premises and therefore had no reasonable expectation of privacy at or in any of the dwelling units.

6.      There was reasonable suspicion to detain Matthew Garcia.

7.      There was probable cause to arrest Matthew Garcia.

8.      Matthew Garcia resisted arrest.

9.      Matthew Garcia refused to obey commands.

10.     Matthew Garcia was illegally in possession of a firearm.

11.     Dominic Castro is entitled to qualified immunity because he did not violate Matthew Garcia's constitutional rights or clearly established law as alleged in the federal claims set forth in the Complaint.

12.     The actions/inactions of Dominic Castro were those which would be ordinarily exercised by a reasonably prudent and qualified officer in light of the nature of all the surrounding circumstances.

13.     The actions/inactions of Dominic Castro were objectively reasonable under the totality of the circumstances; were not unlawful; and/or were done in good faith.

14.     The actions/inactions of Dominic Castro complied with his duty to exercise for safety of others that care ordinarily exercised by a reasonably prudent and qualified officer in light of the nature of what was being done.

15.     Dominic Castro acted as a  reasonably prudent and qualified officer in light of the nature of what was being done. At all times, his conduct was lawful and objectively reasonable under the circumstances.

16.     Dominic Castro did not act with deliberate indifference towards Matthew Garcia.

17.     Dominic Castro's immunity has not been waived under the New Mexico Tort

45

Claims Act (Section 41-4-12) because he did not commit the torts alleged in the Complaint which invoke the waiver provisions nor did he cause the commission of any torts, or violate Matthew Garcia's rights.

18.    Matthew Garcia failed to exercise ordinary care for his own safety.

19.    Plaintiff's injuries, losses, and/or damages were proximately caused by the negligence, intentional misconduct or other fault of Matthew Garcia and/or third person(s) for whom Dominic Castro may not be held liable.

20.    No legal duty owed to Matthew Garcia was breached.

21.    One or more of Plaintiff's claims are barred in whole or in part by law.

22.    Plaintiff failed to mitigate damages.

23.    Plaintiff cannot recover punitive damages as a matter of law for her state law claims against Officer Castro.

24.    Officer Castro denies that his conduct was willful, malicious, or in reckless disregard of any protected right such that punitive damages are warranted.

25.    Punitive damages are limited by the United States and New Mexico Constitutions.

Respectfully submitted,

THE CASH LAW FIRM, LLC

*/s/ Paul M. Cash*
Paul M. Cash
P.O. Box 20718
pcash@cashlawoffices.com
Albuquerque, NM 87154
*Attorneys for Defendant Dominic Castro*

It is hereby certified that a true copy
of the foregoing pleading was emailed and
submitted for service via Odyssey to:

Taylor E. Smith
Griffin M. Arellano
SMITH & MARJANOVIC LAW, LLC
P.O. Box 94207
Albuquerque, NM 87199
(505) 510-4440
taylor@legalhelpnm.com
griffin@legalhelpnm.com

Ramon A. Soto
THE SOTO LAW OFFICE, LLC
6731 Academy Rd NE, Suite B
Albuquerque, NM 87109
(505) 273-4062
ramon@thesotolawofficellc.com

Frances C. Carpenter
Graciela R. Esquivel
LAW OFFICE OF FRANCES CROCKETT
925 Luna Circle NW
Albuquerque, NM  87102
(505) 314-8884
frances@francescrockettlaw.com
graciela@francescrockettlaw.com


CITY OF ALBUQUERQUE
OFFICE OF THE CITY ATTORNEY
P.O. Box 2248
Albuquerque, New Mexico  87102
(505) 768-4500
sgriffin@cabq.gov
*Attorney for Defendants City of Albuquerque, Harold Medina,*
*William Gallegos, and Samuel Seay*


on this 23rd day of July, 2025.

*/s/ Paul M. Cash*
Paul M. Cash